**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 9 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| REBECCA DIKES, Personal Representative For the Estate of Shawn C. Dikes, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant-Appellee. | No. 19-35487 <br><br> D.C. No. 3:17-cv-00573-BR <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Submitted June 3, 2020[**]
Portland, Oregon

Before: BERZON and COLLINS, Circuit Judges, and CHOE-GROVES,[***] Judge.

The surviving spouse and personal representative of the estate of Shawn

Dikes, Plaintiff-Appellant Rebecca Dikes, appeals from the district court's

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes that this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Jennifer Choe-Groves, Judge for the United States Court of International Trade, sitting by designation.

judgment entered after a bench trial finding Defendant not liable in this wrongful-death action brought under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671–80. On appeal, Plaintiff cites as error the district court's evaluation of causation using both the "but for" and the "substantial factor" standards and its weighing of the evidence as to the standard of care and causation. Oregon law governs this FTCA action. *Id.* §§ 1346(b)(1), 2674. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review the district court's conclusions of law de novo and its factual findings for clear error. *OneBeacon Ins. Co. v. Haas Indus., Inc.*, 634 F.3d 1092, 1096 (9th Cir. 2011).

1. The district court did not prejudicially err in evaluating causation under both the "but for" and "substantial factor" standards because it held that Plaintiff failed to satisfy her burden under either standard. Before trial, the district court confirmed that it would evaluate causation under the "substantial factor" standard, but after Plaintiff rested, it held a detailed colloquy with the parties concerning analyzing causation under the "but for" standard. At that colloquy, Plaintiff restated her objection to the district court "even considering applying a 'but for' standard." Even if we agreed with Plaintiff that only the "substantial factor" test should have been considered, we perceive no basis for concluding that the district court's alternative application of the "but for" test affected the court's independent

2

application of the "substantial factor" test. Nothing in the record suggests that the district court misunderstood or misconstrued the "substantial factor" test.

2. The district court did not clearly err in weighing the evidence as to the standard of care and causation. The district court found that Plaintiff did not meet her burden of showing (1) that the cause of Mr. Dikes' death was the Portland Veterans Affairs Medical Center's ("VA") failure to order specific diagnostic tests that would have identified an obstructed bile duct or (2) that any failure to treat the obstructed bile duct breached the standard of care. Defendant's medical experts, Drs. Levitsky, Fix, and Jen, opined that Mr. Dikes' post-transplant medical treatment at the VA met the standard of care because, based on Mr. Dikes' condition, it was not prudent to perform further diagnostic testing aimed at identifying an obstructed bile duct. As to causation, Drs. Levitsky and Fix each opined that Mr. Dikes likely died of an aggressive form of recurrent hepatitis C, which likely developed during his critical illness, and not because of an undiagnosed biliary obstruction. Although Plaintiff's two medical experts testified to the contrary, it was not clear error for the district court to credit the opposing expert analyses as equally weighted. *See United States v. Elliott*, 322 F.3d 710, 715 (9th Cir. 2003). In short, Plaintiff has failed to show that the district court's decision was clearly erroneous, because the stipulated facts, combined with the evidence adduced at trial—the lab results, diagnostic tests, post-transplant liver

3

biopsies, autopsy report, death certificate, medical expert reports, and testimony from VA treating physicians and competing medical experts—supported the district court's ultimate finding that Plaintiff failed to prove a breach in the standard of care in a manner that was either a "substantial factor" or the "but for" cause of Mr. Dikes' death.

**AFFIRMED**.[1]

---

[1] Because we uphold the nonliability finding, we do not address Plaintiff's appeal of the adverse summary judgment ruling holding applicable Oregon law's cap on the recovery of noneconomic damages.